UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Edward Franzese,

               Plaintiff,

–v–

City of New York, et al.,

               Defendants.



17-cv-3020 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

*Pro se* Plaintiff Edward Franzese filed an amended complaint on March 16, 2018. Dkt. No. 14. On March 29, 2018, Defendants City of New York (the "City") and Correction Officer Rosario moved to dismiss the amended complaint. Dkt. No. 35. For the following reasons, Defendants' motion to dismiss is granted.

**I.    Background**

On a Rule 12(b)(6) motion, a court must take the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Gatt Commc'ns, Inc. v. PMC Assocs., L.L.C.*, 711 F.3d 68, 74 (2d Cir. 2013). Accordingly, the following statement of facts is drawn from the amended complaint ("Am. Compl."), Dkt No. 34.

On May 12, 2015, Plaintiff was housed at the George Motchan Detention Center on Rikers Island in the Security Risk Group Administrative Segregation unit. Am. Compl. at 1. According to the amended complaint, during this time, the George Motchan Detention Center warden implemented "Modified Lockouts." Am. Compl. at 1. This meant "a certain group of inmates [would] be locked out in a certain portion of the housing unit, while the other group

1

locks in a different portion to avoid confrontations." Am. Compl. at 1. Additionally, it was "also implemented that only one cell [could] be open[ed] at any time. Once locked out you must go directly to the portion of the house you are assigned to, so the next man may be locked out." Am. Compl. at 1.

Plaintiff had asked Defendant Rosario to let him go into his own cell, as he had just showered. Am. Compl. at 1. Once Plaintiff was in his cell, he stated to Defendant Rosario, "leave my door open I'll be about in a minute." Am. Compl. at 1. Defendant Rosario complied. Am. Compl. at 1. After thirty seconds, another inmate, who "belonged to another group and was <u>not</u> to be locked out," came into Plaintiff's cell and cut him with an unknown object. Am. Compl. at 1.

Plaintiff alleges that Defendant Rosario "was <u>not</u> to open <u>any</u> other cells and couldve [sic] avoided [the] entire situation." Am. Compl. at 1. According to Plaintiff, Defendant Rosario "stated in his infraction report that he heard a loud noise coming from [Plaintiff's] cell," and saw Plaintiff open his door from inside his cell. Am. Compl. at 1. Plaintiff alleges that this would be impossible, as the cell doors can only be opened from outside of the cell. Am. Compl. at 1.

Plaintiff alleges that due to the deliberate indifference and negligence of Defendant Rosario, he received multiple lacerations from the alleged assailant. Am. Compl. at 1. Plaintiff had to receive medical treatment for the wounds, and now has permanent scars on his face and arm. Am. Compl. at 2. Plaintiff seeks monetary damages for his claim, and argues that Defendant Rosario should be terminated. Am. Compl. at 2.

Plaintiff filed his complaint on April 25, 2017. Dkt. No. 2. On January 23, 2018, Defendants filed a motion to dismiss. Dkt. No. 24. On January 25, 2018, the Court issued an order and explained to Plaintiff that he was on notice that declining to amend his pleadings to

timely respond to Defendants' motion to dismiss may constitute a waiver of his right to use the amendment process to cure any defects that had been made apparent by the Defendants' briefing. Dkt. No. 27 (citing *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC.*, 797 F.3d 160 (2d Cir. 2015)). Plaintiff filed an amended complaint on March 16, 2018. Dkt. No. 34. On March 29, 2018, Defendants filed a motion to dismiss the amended complaint. Dkt. No. 35. The Court ordered Plaintiff to respond to Defendants' motion to dismiss by April 25, 2018. Dkt. No. 38. On May 1, 2018, Plaintiff wrote the Court and asked for an extension, as he was having trouble getting access to relevant legal materials. Dkt. No. 41. The Court granted Plaintiff's request and extended the deadline for him to file a response to Defendants' motion to dismiss to May 25, 2018. Dkt. No. 42. On June 5, 2018, the Court granted Plaintiff a final opportunity to file a response, and *sua sponte* extended his deadline to June 29, 2018. Dkt. No. 43. Plaintiff never filed a response. Accordingly, on July 10, 2018, the Court issued an order explaining that it considered the motion to dismiss fully briefed. *See* Dkt. No. 44. The Court now addresses the unopposed motion to dismiss.

## II.     Standard

When a defendant moves to dismiss under Rule 12(b)(6), the Court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *LaFaro v. N. Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). The complaint will survive the motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Although this standard does not require "detailed factual allegations," it "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

If a plaintiff proceeds *pro se*, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "This is particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). While the Court is "obligated to draw the most favorable inferences" from the complaint, it "cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

Therefore, even *pro se* plaintiffs asserting civil rights claims "cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555) (quotation marks omitted).

In resolving a motion to dismiss, review is generally limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). Although Plaintiff did not submit any opposition to this motion, "failure to oppose a 12(b)(6) motion cannot itself justify dismissal of a complaint." *Haas v. Commerce Bank*, 497 F.Supp.2d 563, 564 (S.D.N.Y.2007) (quoting *McCall v. Pataki, 232 F.3d 321*, 322 (2d Cir.2000)) (internal quotation marks omitted). The Court thus will "assume the truth of [the] pleading's factual allegations and test only its legal sufficiency[, as] ... the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d at 322.

### III. Plaintiff's Claim

    A. **Plaintiff's Claim Against Defendant Rosario is Dismissed for Failure to State a Claim of Deliberate Indifference.**

While it is not made explicit in the amended complaint, Plaintiff appears to raise a Section 1983 deliberate indifference claim based on Defendant Rosario's alleged failure to prevent the assault on Plaintiff. *See* Am. Compl. at 1 ("Due to the deliberate indifference and negligence on behalf of C.O. Rosario I received multiple lacerations.").

Plaintiff does not specify whether he was a convicted inmate at the time of the attack. A pretrial detainee's deliberate indifference claim is governed by the Due Process Clause of the Fourteenth Amendment, whereas a convicted inmate's claim is analyzed under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). To state a claim of deliberate indifference, a plaintiff must allege that he (1) suffered a serious constitutional deprivation, and (2) that the defendant acted with deliberate indifference. *See Taylor v. Goorde,* 548 F. App'x 696, 698 (2d Cir. 2013) (summ. order); *see Darnell*, 849 F.3d at 29. For a pretrial detainee, the second prong is satisfied if a corrections officer "subjectively 'has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm.'" *Molina v. Cty. of Westchester*, No. 16-CV-3421 (VB), 2017 WL 1609021, at *3 (S.D.N.Y. Apr. 28, 2017) (quoting *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996)). For a convicted inmate, the second prong is satisfied when the "pretrial detainee [] prove[s] that the defendant-official acted intentionally or recklessly failed to act with reasonable care to mitigate the risk even though the defendant-official knew, or should have known of the risk of harm" *Molina*, 2017 WL 1609021, at *3 (citing *Darnell*, 849 F.2d at 35). Even though it is unclear whether Plaintiff was a convicted prisoner or a pretrial detainee at the time of the alleged incident, for the reasons addressed below, the Court concludes that under either standard, Plaintiff's deliberate indifference claim fails.

### 1. Constitutional Deprivation

First, the Court concludes that Plaintiff sufficiently alleges a constitutional deprivation. "The failure of a correction officer to oversee prisoners, intervene in an attack, or otherwise fail to abide by prison safety protocols may under certain circumstances create a condition which poses a substantial risk of serious harm thus constituting a sufficiently serious constitutional violation." *Molina*, 2017 WL 1609021, at *3; *see, e.g., Rennalls v. Alfredo*, No. 12-CV-5300 (KMK), 2015 WL 5730332, at *4 (S.D.N.Y. Sept. 30, 2015).

Plaintiff was placed in serious harm when another inmate was able to enter his cell and cut Plaintiff with an unknown object. Am. Compl. at 1. Construing Plaintiff's allegations liberally and drawing all reasonable inferences in his favor, the Court concludes Plaintiff has plausibly alleged facts from which a sufficiently serious constitutional violation could be inferred.

### 1. Deliberate Indifference

Plaintiff's claim fails under the second prong. Courts in this Circuit routinely deny deliberate indifference claims based on surprise attacks. *See Fernandez v. New York City Dep't of Correction*, No. 8-CV-4294 (KMW), 2010 WL 1222017, at *4 (S.D.N.Y. Mar. 29, 2010) (Plaintiff did not plead any "reason for officers at DOC to be on notice that there was a risk of altercation between Plaintiff and [the other inmate]."); *Parris v. New York State Dep't Corr. Servs.*, 947 F. Supp. 2d 354, 363 (S.D.N.Y. 2013) ("the Complaint does not allege that the defendants knew of any threats made against the plaintiff or that the plaintiff had been involved in any prior altercations."); *Lojan v. Crumbsie*, No. 12-CV-320 (VB), 2014 WL 6643070, at *4 (S.D.N.Y. Oct. 6, 2014); *Zimmerman v. Macomber*, No. 95-CV-882 (DAB), 2001 WL 946383, at *6 (S.D.N.Y. Aug. 21, 2001). This is because in a surprise attack, it is difficult to infer that a

corrections officer would have known, or should have known, of a risk to the plaintiff. *See Fernandez*, 2010 WL 1222017, at *4.

Plaintiff's amended complaint fails to allege any facts that suggest Defendant Rosario was aware, or had any reason to know that Plaintiff's safety was at risk. Nowhere in the amended complaint does Plaintiff allege, for example, that he and the purported assailant were involved in a prior confrontation, or that the purported assailant had previously threatened him. In fact, Plaintiff had asked Defendant Rosario to leave his door open. Am. Compl. at 1. Plaintiff speculates that "[*i*]*f* Rosario knew that me and the other inmate were in opposite groups with prior serious altercations, there is no reason for him to have had both of us out at the same time." Am. Compl. at 2 (italicized emphasis added). However, this is only speculation on Plaintiff's part, which is insufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Nowhere in Plaintiff's amended complaint does he allege that Defendant Rosario was responsible for the alleged assailant's whereabouts. Additionally, as the alleged attack occurred "[a]fter about 30 seconds" of Plaintiff's cell door being opened, it is not plausible that Defendant Rosario would have been able to intervene and prevent the attack in such a short period of time. *See Molina*, 2017 WL 1609021, at *4 ("It is implausible defendants themselves, or reasonable corrections officers in their place, would have learned of the likelihood of an attack and been able to do something to prevent it within such a short period of time.").

Under the circumstances alleged, it is not plausible either that Defendant Rosario subjectively knew, or that a reasonable corrections officer in his place should have known, of any substantial risk to Plaintiff, or would have been able to take actions that would have prevented the attack. *Molina*, 2017 WL 1609021, at *3 (S.D.N.Y. Apr. 28, 2017). As a result, Plaintiff has failed to plausibly the second prong of the deliberate indifference standard under

either the Eighth or the Fourteenth Amendment. Accordingly, Plaintiff's Section 1983 claim against Defendant Rosario is dismissed.[1]

### B. Plaintiff's Claim Against the City is Dismissed for Failure to Allege Municipal Liability.

Plaintiff has also named the City of New York as a Defendant. *See* Am. Compl. "[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2012) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 6658, 694–95 (1978)). Additionally, "[t]he plaintiff must establish a causal connection . . . between the policy and the deprivation of his constitutional rights." *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985).

Even construing his amended complaint generously, Plaintiff pleads no facts from which the Court could infer that his alleged deprivation of a constitutional right occurred pursuant to a city custom or policy. Assuming *arguendo* that Plaintiff's allegations about "Modified Lockouts" constitute a governmental custom, policy, or practice, Plaintiff has not sufficiently alleged a causal connection between the lockout procedure and his injury. *Vippolis*, 768 F.2d at 44. As discussed above, Plaintiff requested that his door remain open—and Plaintiff does *not* allege in the amended complaint that that the alleged assailant was able to enter Plaintiff's cell as a result of the lockout policy. *See* Am. Compl. at 1-2. Accordingly, the claim against the City is dismissed.[2]

### IV. Conclusion

---

[1] To the extent Plaintiff alleges that Defendant Rosario was negligent in his actions, see Am. Compl. at 1— negligence is insufficient to state a viable Section 1983 claim. *Bryant v. Maffucci*, 923 F.2d 979, 984 (2d Cir. 1991).
[2] Plaintiff alleges that Defendant Rosario "failed to withhold his obligations of care custody control." Am. Compl. at 1. To the extent this could be construed as a "failure to train" claim against the City, Plaintiff has not sufficiently alleged the requisite requirements of a "failure to train" claim. *See Walker v. City of New York*, 974 F.2d 293, 297 (2d Cir. 1992).

8

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. As Plaintiff was on notice that declining to amend his pleadings to timely respond to Defendants' first motion to dismiss may constitute a waiver of his right to use the amendment process to cure any defects that had been made apparent by Defendants' briefing, Dkt. No. 27, Plaintiff's claim is dismissed with prejudice. This resolves Docket Number 35. The Clerk of Court is respectfully directed to close the case and enter judgment. Chambers will mail a copy of this order to the *pro se* Plaintiff and note its mailing on the public docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 13, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge